**HUI CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–6497–ag.

United States Court of Appeals, Second Circuit.

July 26, 2006.

Douglas G. Ingraham, Alhambra, California, for Petitioner.

Donald W. Washington, United States Attorney for the District of Louisiana, A.G. Alexander, III, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Hui Chen, through counsel, petitions for review of the BIA's November 2005 decision affirming Immigration Judge ("IJ") Douglas B. Schoppert's denial of his application for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review questions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We review properly-based, factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). On the other hand, if the fact finding process is sufficiently flawed, we may remand for new fact finding. *Xiao Ji Chen v. U.S. DOJ,* 434 F.3d 144, 158 (2d Cir.2006).

■ Here, the IJ's finding that Chen failed to establish that he had been persecuted is supported by substantial evidence. Persecution is an extreme concept that does not include all treatment that we regard as offensive. *Ai Feng Yuan v. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005). This Court has explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Similarly, we agree that Chen also failed to prove that he has a well-founded fear of persecution or a likelihood of being tortured if he returns to China. The ability to avoid harm through internal relocation, as Chen's family as able to do, defeats a claim that a fear of persecution is objectively well-founded. 8 C.F.R. §§ 1208.13(b)(1)(i)(B); 1208.13(b)(2)(ii); *Singh v. BIA,* 435 F.3d 216, 219 (2d Cir. 2006).

■ Chen's reliance on *Xue Yun Zhang v. Gonzales,* 408 F.3d 1239, 1249–50 (9th Cir.2005), is flawed. In *Zhang,* the petitioner watched as family planning officials dragged her father away to be forcibly sterilized. 408 F.3d at 1243, 1249. In addition, after sterilization, (1) Zhang's father was unable to find work, (2) the family's was threatened with eviction, (3) their property was seized, (4) they were assessed prohibitively expensive fine, and (5) Zhang was not allowed to go to school until the fine was paid. *Id.* at 1243. Here, Chen was not subjected to the severity of trauma that the petitioner in *Zhang* experienced. Although we find that it was unfortunate that Chen's family lost their business and were forced to relocate to another province, we agree with the IJ that where the family was able to open another business and live safely in Fujian

Province, they did not experience persecution. In addition, although Chen was unable to finish his education after the age of 14, such a disadvantage, even when considered cumulatively with Chen's forced relocation, does not rise to the level of persecution. *See Guan Shan Liao v. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

These undisputed facts defeat Chen's claim that he would be persecuted or tortured because of his parents' involvement in helping one of his father's employees escape family planning officials. Finally, as the government points out, Chen has waived his claim that he would face persecution or torture because he left China without permission because he did not raise that argument before this Court. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).